UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BRIAN GATES, JR., <br><br> Plaintiff, <br><br> v. <br><br> RON HEEG, QUALITY CORRECTIONAL CARE, HAHN, CHERYL, TINA, <br><br> Defendants. | CAUSE NO. 3:23-CV-923-PPS-JEM |

OPINION AND ORDER

Brian Gates, Jr., a prisoner without a lawyer, filed a complaint alleging he was not receiving constitutionally adequate medical care when he was at the LaPorte County Jail. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Gates alleges prior to his arrest on August 22, 2023, he was taking Suboxone to prevent opioid and methamphetamine relapse. He also alleges he was taking numerous psychotropic medications for various mental health problems. He alleges while he was suffering withdrawal symptoms at the LaPorte County Jail, he was moved to S1-1, left

without observation, and denied electrolytes in violation of the detox policy of Sheriff Ron Heeg and Quality Correctional Care. He does not say who moved him or what injury he suffered as a result. There is no general supervisory liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks*, 555 F.3d at 596. The complaint does not state a claim against either Sheriff Ron Heeg or Quality Correctional Care merely because they had a policy that was not followed.

Gates alleges Sheriff Ron Heeg and Quality Correctional Care have a custom of using alternative treatments rather than allowing inmates to have psychological medications. It is unclear if these alternative treatments constitute a constitutional violation, but it is clear this complaint does not provide facts showing the existence of such custom. To prevail on a *Monell* claim based on a custom, "the plaintiff must demonstrate that the practice is widespread and that the specific violations complained of were not isolated incidents." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017). "At the pleading stage . . . a plaintiff pursuing this theory must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom." *Id*. The purpose of this requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). These

allegations do not state a claim against either Sheriff Ron Heeg or Quality Correctional Care.

Gates alleges Captain Hahn moved him to N1 (a special needs housing unit) when he finished detoxing. He says Captain Hahn moved him for medical reasons even though medical staff did not order the move. Under the Fourteenth Amendment, a pretrial detainee cannot be punished without due process of law. *Bell v. Wolfish*, 441 U.S. 520 (1979). "In evaluating the constitutionality of conditions or restrictions of pretrial detention . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Id*. at 535. Even without an order from medical, this complaint does not plausibly allege this move amounted to punishment. "[I]n the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015) (*quoting Bell*). Again, this complaint does not provide facts from which it can be plausibly inferred that Captain Hahn did not have a legitimate nonpunitive purpose for putting Gates in the special needs housing unit or that doing so was excessive in relation to that purpose. These allegations do not state a claim against Captain Hahn.

Gates alleges Nurse Cheryl and Captain Hahn denied a grievance that he filed. He alleges Nurse Cheryl violated policy by responding to the first three levels of the grievance process. "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due

Process Clause . . ..." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). "[P]rison officials who reject prisoners' grievances do not become liable just because they fail to ensure adequate remedies." *Estate of Miller by Chassie v. Marberry*, 847 F.3d 425, 428 (7th Cir. 2017). These allegations do not state a claim against Nurse Cheryl or Captain Hahn.

Gates alleges that a few days after he began detoxing, Nurse Tina gave him medical release forms to sign so his medical history could be obtained, but did not provide one for Recovery Works Martinsville or Genoa Pharmacy where he obtained his medications. On August 29, 2023, after he finished detoxing, he alleges she brought him more medical release forms, but they only sought information about a knee injury and not about his medications. It is unclear how many releases he signed or from which medical providers they sought information. Gates alleges that weeks later he told a doctor and Nurse Cheryl about Recovery Works Martinsville and Genoa Pharmacy, but the complaint does not allege Nurse Tina knew about either when she worked with him to sign release forms.

> The Due Process Clause of the Fourteenth Amendment imposes obligations on government officials to safeguard the health and safety of pretrial detainees, and section 1983 provides a cause of action for detainees . . . to vindicate those constitutional guarantees. To state a claim for inadequate medical care, a complaint must allege that: (1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [detainee]'s medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [detainee]'s medical need; and (4) the defendant acts purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm.

*Gonzalez v. McHenry Cnty.*, 40 F.4th 824, 827-28 (7th Cir. 2022) (citations and quotation marks omitted). This complaint does not plausibly allege that Nurse Tina purposefully,

4

knowingly, or recklessly acted to prevent Gates from obtaining information about his medical history when she worked with him to sign release forms.

Gates alleges Nurse Tina told him he could not get Suboxone because he had already completed detox. There is no indication Nurse Tina had the ability to prescribe Suboxone. Merely telling him what she believed others would do did not deny him constitutionally adequate medical care. Moreover, he has not explained why he needed Suboxone in jail after he completed detoxing. Suboxone "treats withdrawal from opiates, and it can shorten the length of detox. It may also be used for long-term maintenance [and] is often combined with [other drugs to] helps prevent dependence and misuse." National Library of Medicine, Opiate and Opioid Withdrawal, https://medlineplus.gov/ency/article/000949.htm. However, Gates completed detox and while in jail did not need Suboxone to prevent dependence or misuse of opioids because he did not have access to them in jail.

Gates alleges Nurse Cheryl contacted Genoa Pharmacy near Michigan City rather than the one near Martinsville when she was attempting to obtain information about his prior medications. It is unfortunate this delayed verifying his medical history, but the complaint does not allege facts showing this was anything more than negligence. Under the Fourteenth Amendment, "it will not be enough to show negligence or gross negligence." *Miranda v. Cnty. of Lake*, 900 F.3d 335, 353 (7th Cir. 2018).

Finally, Gates seeks injunctive relief requiring that he be given Suboxone and psychological medications at the LaPorte County Jail. However, he was released from

5

the jail on October 31, 2023, days after filing this lawsuit. ECF 4. Because he is no longer in the LaPorte County Jail, his request for injunctive relief is now moot. *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996).

This complaint does not state a claim for which relief can be granted. If Gates believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, write the word "Amended" above the title "Prisoner Complaint" on the first page, and send the form to the clerk after properly completing the rest of it.

For these reasons, the court:

(1) GRANTS Brian Gates, Jr. until **December 19, 2023**, to file an amended complaint; and

(2) CAUTIONS Brian Gates, Jr. if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

ENTERED:  November 17, 2023.

                                             /s/   Philip P. Simon
                                             PHILIP P. SIMON, JUDGE
                                             UNITED STATES DISTRICT COURT